UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JAMES R. PINE, SR., :
               Plaintiff, :
v. : **OPINION AND ORDER**
                :
ANTHONY J. ANNUCCI, : 18 CV 6158 (VB)
Acting Commissioner NYS DOCCS, :
             Defendant. :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff James R. Pine, Sr., proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against defendant Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff asserts a First Amendment claim for denial of access to the courts, and a Fourteenth Amendment due process claim.

Now pending is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. #17).[1]

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and its exhibits and draws all reasonable inferences in plaintiff's favor, as summarized below.

---

[1] Plaintiff has moved "to amend the . . . caption" to include the New York State Attorney General. (Doc. #25 at 1). As the Court has previously held, plaintiff's claims against the New York State Attorney General are barred by the Eleventh Amendment. (See Doc. #10 at 2). Thus, the Court DENIES plaintiff's motion to amend the caption.

1

Plaintiff was a convicted inmate housed at Green Haven Correctional Facility ("Green Haven") at all relevant times. On May 25, 2016, plaintiff alleges he made a phone call from Green Haven to his sister. During the phone call, plaintiff alleges an unknown prison employee made two announcements stating "time was up." (Doc. #2 ("Compl.") at 26).[2]

Plaintiff alleges he did not hear these announcements "due to his documented hearing impairment . . . and the amount of background noise." (Compl. at 26).[3] Allegedly, a correction officer then approached plaintiff and yelled in a clear voice, "Pine, get off the phone." (Id.). Plaintiff alleges he heard the command and "immediately hung up the phone." (Id.). Plaintiff alleges the officer nevertheless filed a misbehavior report against plaintiff for failing promptly to hang up the phone.[4]

Plaintiff claims he faced four disciplinary charges arising from this incident. During the ensuing disciplinary hearing, plaintiff alleges he requested six witnesses to testify about his hearing disability: two inmates, two correction officers, plaintiff's sister, and plaintiff's "last seen Primary care provider." (Compl. at 27). Plaintiff alleges the disciplinary hearing officer, nonparty Lt. Murphy, initially "would not allow [plaintiff] to call any witnesses while trying to substantiate [his] claim of being hearing impaired." (Id. at 42). However, Lt. Murphy then "relented" and permitted plaintiff's four non-inmate witnesses to testify at the hearing. (Id.; see id. at 30).

---

[2] Citations to the complaint reference page numbers assigned by the Court's Electronic Case Filing system.

[3] Plaintiff claims an audiologist evaluated plaintiff in July 2016 and concluded he is "legally deaf." (Compl. at 44).

[4] Plaintiff asserts Green Haven policy permits inmates to make fifteen-minute phone calls, and that defendant violated that policy by limiting plaintiff's phone call to fourteen minutes. The Court need not address this allegation, which plainly does not state a constitutional claim.

Plaintiff claims Lt. Murphy improperly denied plaintiff's requests to call the two inmate witnesses. Namely, plaintiff alleges Lt. Murphy failed to provide plaintiff and to incorporate into the hearing record a form explaining Lt. Murphy's refusal to hear the inmate witnesses, as allegedly required by New York law. Additionally, plaintiff alleges Lt. Murphy stated plaintiff had failed to provide the "exact names or [cell] locations" of the inmate witnesses, despite that plaintiff allegedly had, in fact, provided the inmates' cell information. (Compl. at 28).

Plaintiff claims Lt. Murphy also wrongly rejected plaintiff's hearing disability defense, relying on testimony of a primary care doctor to whom plaintiff was assigned "one day prior" to the hearing. (Compl. at 42). Plaintiff claims the new doctor "had no knowledge of [plaintiff's] hearing problem" or that plaintiff "was scheduled to meet with a hearing specialist." (Id. at 27).

After the disciplinary hearing, plaintiff was found to have committed two violations, placed on keeplock status for eleven days, and moved from the honor block into the general population, where he allegedly lost certain privileges for an unspecified time. Plaintiff asserts he unsuccessfully appealed the disciplinary decision to Green Haven's superintendent.

Plaintiff then filed an Article 78 petition in Supreme Court, Albany County, naming defendant Annucci as the sole respondent. There, plaintiff argued (i) the two disciplinary infractions should be reversed, (ii) Lt. Murphy violated plaintiff's due process rights during the disciplinary hearing, and (iii) prison officials violated DOCCS policy by "not allowing [plaintiff] the allowable (15 minutes) of time on the phone." (Compl. at 25).

Plaintiff failed properly to serve the Article 78 petition on Annucci. The Supreme Court then issued an order to show cause requiring plaintiff to serve "the petition, exhibits and any supporting affidavits . . . upon each named respondent at their respective address . . . on or before

September 23, 2016" by "ordinary First Class Mail."  (Doc. #18-1 at 1) (emphasis omitted).[5]
After plaintiff failed to do so, the court dismissed plaintiff's petition for lack of personal jurisdiction.  The court also held plaintiff's "vague and unsupported assertion that understaffing in the prison mail room may have resulted in the lack of service is insufficient to establish that imprisonment presented an obstacle to his compliance."  (Doc. #18-2 at 3).  The court relied on, among other things, a DOCCS employee's testimony that a search of DOCCS files "indicate[d] that no papers relative to this proceeding were received."  (Id. at 2).  Plaintiff unsuccessfully appealed the Supreme Court's judgment.

In the instant case, plaintiff alleges he took the requisite steps properly to serve the Article 78 petition on Annucci, but Annucci evaded or otherwise impeded service.  Plaintiff maintains he placed a "legal envelope containing [his] papers" into "the Facility mailbox as legal mail" on September 21, 2016, and that the papers were then sent to Annucci by "pouch" or interdepartmental mail.  (Compl. at 14).  In support, plaintiff alleges he has documentation of a "disbursement" charged to his prison account for a mailing fee in connection with serving the Article 78 petition on Annucci, and that plaintiff's affidavit of service in the Article 78 proceeding further shows he complied with the Supreme Court's order to show cause.  (Id.).

Plaintiff also asserts the Green Haven mailroom is understaffed and dysfunctional, "repeatedly affect[ing] out-going and incoming mail."  (Compl. at 13).  Plaintiff argues any failure to serve the Article 78 petition on Annucci therefore was outside plaintiff's control.

---

[5]  The Court takes judicial notice of the Supreme Court's orders as public records.  See, e.g., Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (collecting cases).  Matters subject to judicial notice are properly considered on a motion to dismiss.  See id.

Lastly, plaintiff claims Green Haven's mailroom staff mishandled plaintiff's legal mail in order to undermine plaintiff's action in state court, and that Annucci "created the irregularity with any service requirements" in plaintiff's Article 78 proceeding. (Id. at 11).

## DISCUSSION

I. Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss." Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe a pro se litigant's submissions and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying

5

the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges a civil rights violation. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.  Personal Involvement

Defendant argues plaintiff's claims should be dismissed for failure adequately to plead defendant's personal involvement in a constitutional violation.

The Court agrees.

Personal involvement in an alleged constitutional violation is a prerequisite to any Section 1983 claim. See Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013). In other words, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Section 1983 liability therefore cannot be predicated on a theory of respondeat superior alone, see City of Canton v. Harris, 489 U.S. 378, 385 (1989), and "[t]he bare fact that [a defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [a] claim," Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995).

A Section 1983 plaintiff seeking to hold a supervisor liable for a subordinate's conduct may satisfy the personal involvement requirement by plausibly alleging one or more of the following:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or

6

custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d at 873 (citation omitted).[6]

Regarding his access to the courts claim, plaintiff argues defendant was personally involved in undermining plaintiff's alleged efforts properly to serve his Article 78 petition. In support, plaintiff claims the Green Haven mailroom was dysfunctional. But even assuming this allegation is true, plaintiff fails to plead any facts suggesting defendant knew of or contributed to any alleged dysfunction. Plaintiff also asserts defendant "created an obstacle that prevented petitioner from having his [Article 78 petition] decided on the merits," but plaintiff again pleads no specific factual allegations supporting this assertion. (Compl. at 7).

As for plaintiff's due process claim, it likewise fails as a matter of law. To the extent plaintiff claims defendant "blatantly violated [plaintiff's] due process rights" during the disciplinary hearing, according to plaintiff, defendant was not present at the hearing and played no role in it; nor does the complaint offer any indication defendant knew about the hearing until long after it occurred. Absent any suggestion defendant took some part in the hearing, or knew of but failed to remedy a constitutional violation that was ongoing when defendant learned of it, the complaint fails plausibly to allege defendant's personal involvement in a due process violation.

---

[6] District courts in this Circuit have disagreed whether these factors remain viable. See, e.g., Corley v. Vance, 365 F. Supp. 3d 407, 437 n.7 (S.D.N.Y. 2019). The Second Circuit has yet to resolve this dispute. See Raspardo v. Carlone, 770 F.3d 97, 117 (2d Cir. 2014). "Any such uncertainty, however, does not alter settled law that [t]he mere fact that a defendant possesses supervisory authority is insufficient to demonstrate liability for failure to supervise under § 1983." Corley v. Vance, 365 F. Supp. 3d at 437 n.7 (alteration in original) (internal quotation marks and citation omitted).

Arguing to the contrary, plaintiff points to his allegation that defendant was grossly negligent in supervising Lt. Murphy. Plaintiff argues "the plethora of appeals that warrant reversal" reveals "the need for more stringent training and/or supervision." (Doc. #25 at 3). But plaintiff does not explain which appeals this argument refers to; why those purported appeals are relevant to the instant case; or when, where, and how those purported appeals placed defendant on notice of any constitutional violation at Green Haven. Plaintiff also asserts in general terms that defendant acted with deliberate indifference to "prisoners [sic] due process rights." (Id.). He reasons officers at Green Haven "surely go through training" and claims due process violations at Green Haven are routine "under the direction and authority" of defendant. (Id.). These undeveloped assertions are entirely speculative and therefore plainly do not suffice to state a viable legal claim.

For all these reasons, the Court dismisses plaintiff's claims for failure adequately to plead defendant's personal involvement.

III.     Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when a plaintiff proceeds pro se. See, e.g., Cain v. Valmy Int'l Sch. of Esthetics, Skin Care & Makeup, 216 F. Supp. 3d 328, 336 (S.D.N.Y. 2016) (collecting cases).

The Court concludes the facts and circumstances alleged in the complaint, even liberally construed, do not give any indication that a valid claim over which the Court has jurisdiction might be stated. To the contrary, repleading would be futile, because the problems with plaintiff's claims are substantive and would not be cured if amendment were permitted.

Accordingly, the Court declines to grant plaintiff leave to amend the complaint.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to (i) terminate the motion (Doc. # 17), (ii) close this case, and (iii) mail a copy of this Opinion and Order to plaintiff at the address on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: June 24, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge